NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2697
_____

UNITED STATES OF AMERICA

v.

TIMOTHY YOUNGER,
also known as Tim Younger,
also known as Little Tim,
also known as Jahmar Younger,
also known as Marvin Young,
also known as Marvin Younger,

Timothy Younger,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-07-cr-00261-001)
District Judge: Honorable Gustave Diamond

_____

Submitted Under Third Circuit LAR 34.1(a)
March 23, 2012

Before: RENDELL, FISHER and CHAGARES, Circuit Judges

(Opinion Filed: March 30, 2012)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Defendant Timothy Younger appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The only issue Younger raises on appeal is whether the District Court properly applied a sentencing enhancement pursuant to § 2K2.1(b)(6) of the Sentencing Guidelines for possession of a firearm in connection with another felony offense. For the following reasons, we will affirm.

Younger was stopped by Pittsburgh police officers on June 21, 2007 for operating a motor vehicle with an expired registration. Police officers found a loaded Ruger nine millimeter handgun, nine ecstasy pills, a digital scale, and $5,965 in cash in Younger's possession. The police arrested Younger. Having previously been convicted of a felony in 2003, a grand jury charged Younger with two counts of violating § 922(g)(1).[1] Younger pled guilty, and was sentenced on May 26, 2009 to fifty-seven months' imprisonment and three years' supervised release.[2]

Younger objected to the District Court's application of the sentencing enhancement pursuant to § 2K2.1(b)(6) of the Guidelines. That enhancement calls for a

---

[1] One count stemmed from this instance of possession, and the other count stemmed from Younger's possession of a firearm on January 11, 2007.

[2] Younger's sentence was calculated as follows: the District Court started with a base offense level of twenty under § 2K2.1(a)(4)(B). Then, the District Court applied the four-level enhancement pursuant to § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense. The District Court applied a three-level reduction for acceptance of responsibility pursuant to § 3E1.1. With an adjusted offense level of twenty-one and a criminal history placing him in Category IV, the Guidelines sentencing range was fifty-seven to seventy-one months.

four-level increase in the offense level "if the defendant used or possessed any firearm or ammunition in connection with another felony offense." The enhancement is warranted "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the potential of facilitating another felony offense." § 2K2.1(b)(6) cmt. n. 14(B). We have noted that a district court "is permitted to presume that a firearm in relatively close proximity to drugs is used 'in connection' with [a drug trafficking] offense." *United States v. West*, 643 F.3d 102, 114 (3d Cir. 2011). We review the District Court's factual findings supporting application of the enhancement for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

Younger argues that the Government did not prove by a preponderance of the evidence that he was involved in a drug trafficking offense when he was stopped and arrested. At the sentencing hearing, the Government introduced the police report regarding Younger's arrest, which, like the presentence report, indicated that Younger possessed the firearm, the digital scale, nine ecstasy pills packaged in a clear baggie, and $5,695 in United States currency. The firearm, ecstasy pills, digital scale, and $1,695 were found in or on the center console of the car; the remaining $4,000 was found in the glove compartment. To counter this evidence, Younger testified that he used ecstasy personally, and that he possessed a digital scale because he weighed marijuana that he purchased for personal use to ensure that he was not shorted. He also argued that the presence of only nine ecstasy pills is evidence of personal drug use, not distribution. To counter the reasonable inference that the $5,695 in cash was evidence of drug trafficking,

3

his mother testified that she often gave Younger large sums of money; likewise, his wife testified that Younger took out a large amount of cash from a safe at their home on June 21, 2007 in order to purchase a car for her that day. Younger argues that this evidence, taken together, establishes that he was not involved in any drug trafficking offense.

We conclude that the District Court did not clearly err in determining that Younger's possession of the handgun was in connection with a felony drug trafficking offense. Younger's possession of the ecstasy pills, the digital scale, and the large amount of cash is evidence of his involvement in a drug trafficking offense. As the fact-finder, the District Court was entitled to credit that evidence over Younger's testimony and the testimony of his mother and wife. Moreover, the fact that the firearm was found in close proximity to the drugs and the digital scale supports application of the enhancement. *See* 2K2.1(b)(6) cmt. n. 14(B); *West*, 643 F.3d at 114.

Therefore, we will affirm the judgment of the District Court.